Thurman, J.
The first question is, Did the common pleas err in deciding that the defendant Chapman was entitled to the benefit of the occupying claimant law? Qn the part of the plaintiff, it is contended that the defendant was bound to take notice of the defects in his own title, and that the deed from Spelman to David Chapman contained sufficient to show that Spelman had but a life estate, or, at least, to put the defendant upon inquiry as to the quantity of his estate. For the defendant, it is argued that the deed from David Chapman to the defendant being, on its face, a deed in fee duly authenticated, and the same having been recorded, that deed alone is sufficient to bring him within the statute, and that it was so decided in Glick v. Gregg, 19 Ohio, 57. But, whether this is so or not, the defendant denies that the deed from Spelman shows the quantity of his estate, or contains anything that ought to be hold to put a purchaser on inquiry in relation to it.
It is true that in Glick v. Gregg, the words in the statute, “by deed duly authenticated and recorded,” seem to have been construed as referring to a deed to the occupying claimant himself, and not to a deed to the person under whom he claims; but possibly that case might have been well decided, as it was, without the above ruling. At all events, a majority of this court are clearly of opinion that the above construction is wrong.
The act, Swan’s Stat. 605, provides for several classes of cases.
The first class is where the occupant, being in quiet possession, “ can show a plain and connected title, in law or equity, derived *105 from the records of some public office.” *This embraces patents, governors’ deeds, certificates of entry of the public lands, Virginia military surveys, and the like.
The second class is where the occupant, being in quiet possession, holds “by deed, devise, descent, contract, bond, or agreement, from and under any person claiming title, as aforesaid, derived from the records of some public office, or by deed duly authenticated and recorded.”
This clause covers, first: All cases where the occupants derive their title by “deed, devise, descent, contract, bond, or agreement” from and under a person of the first class. Second: All cases where the occupant derives title from a person claiming under a “ deed duly authenticated and recorded.”
These words, a “ deed duly authenticated and recorded,” do not refer to a deed to the occupant, but to the person under whom the occupant derives title.
The third class is where the occupant is in quiet possession, holding “ under sale on execution, against any person claiming title as aforesaid, derived from the records of some public office, or by deed duly authenticated and recorded.”
The fourth class is where a person is “ in possession of, and holding any land under any sale for taxes, authorized by the laws of this state, or the laws of the territory northwest of the river Ohio.”
The fifth and last class embraces persons “ in quiet possession of any land, claiming title thereto, and holding the same under a sale and conveyance made by executors, administrators, or guardians, or by any other person or persons, in pursuance of any order of court, or decree in chancery, where lands are, or have been directed to be sold.”
And in reference to all these classes, the act requires that the purchaser or purchasers of the premises shall “ have obtained title to, and possession of the same, without any fraud or collusion on his, her, or their part.”
Now, the construction in Glick v. Gregg, renders a part of the statute wholly unnecessary, and is irreconcilable with *other parts of it. Thus, where was the use of providing that a deed made under an order or decree of court, for the sale of land, should entitle the grantee fo the benefit of the act, if, as is ruled in that case, a previous clause of the section makes any deed sufficient for that purpose. Again, the first branch of the second clause of the section *106 provides for a ease where the occupant holds by deed, but it requires the deed to be from a person who can show a plain and connected title, in law or equity, from the records of some public office. Why this limitation, if the remaining branch of the clause makes a deed from any person sufficient? The third clause gives the relief to an occupant holding under sale on execution, against any person claiming title, as aforesaid, derived from the records of someiiublic office, or by deed duly authenticated and recorded. Why require the' judgment debtor to be a person deriving title as aforesaid, if a sheriff’s deed, under a sale on execution, against any person, is enough ?
The fourth clause protects the tax purchasers. Where was the necessity for this, if any deed protects the occupant ?
It is admitted in Glick v. Gregg, that the construction we give the statute is the more obvious one, and it is manifestly the only one that makes the different parts of the section consistent and sensible. It is the construction that always prevailed before G-lick v. Gregg, and a majority of the court are satisfied that is the true one. We hold, therefore, that the deed to the defendant was not, of itself, sufficient to entitle him to relief. He required both that deed and the deed to his grantor, to bring him within the statute. These two deeds are to be considered. They are deeds from Elijah. Spelman to David Chapman, and from David Chapman to the defendant. As to the latter, it purports to convey a fee simple, and nothing in it indicates that the grantor was not seized of such an estate. The conveyance from Spelman is also a deed in fee. True, it describes the premises, after giving the abuttals, as “the same piece of land which was distributed from the estate of William Chapman, late of Yernon, *deceased, to Mary Spelman,” but these are words descriptive of the land, and not of the estate. Were this a conveyance of a life estate only, the defendant would not be within the act. For, if a conveyance of a life estate to the occupant will not entitle him to the benefit of the law, as against the reversioner, or remainderman, for the same reason the conveyance of such an estate to his grantor will be insufficient. In other words, as the statute requires a deed, duly authenticated and recorded, to the grantor, it must mean a deed apparently conveying an estate which, when transmitted to the occupant, will justify him in making lasting and valuable improvements, and demanding payment for them before yielding possession. Now, it will hardly *107 be contended that a tenant for life, knowing the quantity of his estate, may make improvements to any extent and require payment for them of the reversioner or remainderman. The authorities cited by plaintiff’s counsel are conclusive that he can not. The statute is for the relief of those who act in good faith. It was not designed to enable a man, by an act of bad faith, to make another his debtor.
But, though Spelman’s deed is a deed in fee, it is urged by counsel that the aforegoing recital in it was sufficient to put the defendant on inquiry; and that, had he made inquiry, he would have discovered that the fee was in the heirs of Mary Spelman. This argument is pressed because there is no proof of actual notice to the defendant. He is sought to be charged with notice by the terms of Spelman’s deed, and by them alone. The general rule is, that a person is not chargeable with notice of an adversary title in the absence of proof; but that he is bound to know the defects apparent upon his own title papers, and is required to take notice of the recitals in the chain of deeds or other muniments under which he claims. Without deciding how'far this doctrine is applicable to a person seeking the benefit of the occupying claimant law, we have no difficulty in saying that he is not to be presumed to know any defects or recitals, that do not appear upon the muniments, which are ^necessary to establish his claim under that act. Thus, in a case like the present, he will not be presumed to know recitals in deeds prior to the deed to his grantor. It is upon this deed, and the conveyance of his grantor to him, that his claim to the benefit of the statute rests; and an application of the general rule would only charge him with notice of what appears on these instruments. In the next place, we are of opinion that the recital in question does not defeat the defendant’s claim. To hold that it does, would withdraw a multitude of cases from the operation of the statute which have always been considered as embraced by it. Nothing is more common than to recite in a deed to whom the land was patented. Does this raise a presumption that the title is yet outstanding in the patentee? And can no occupant claiming under such a deed have payment for his improvements? We can not so hold. If the deed in question expressly showed an adverse claim tc the land, we might hold the defendant to be charged with notice of such claim. But there is nothing of this kind appearing upon it, Taking the recital in the strongest sense for which counsel con, *108 tends, and it amounts to nothing more than that Mary Spelman once owned the land. It differs then, in no respect, from the ordinary case above mentioned of a patent being recited.
We think the common pleas did not err in giving the defendant the benefit of the statute.
The next question is, Did the court err in refusing to set aside the verdict of the jury?
The ground of this motion was, that the jury erred in their assessments. It is not pretended that they adopted any rule contrary to the statute, but it is contended that they erred in their judgment. The question then is one of fact. A motion to set aside a verdict like this, is in effect a motion for a new trial. At common law, the decision of a motion for a new trial, when the motion is on the ground that the verdict is against the weight of the evidence, can not be reviewed on error. By our statute it can be ; and although this statute does not, in terms, include a case like the present, we ^suppose that, equitably construed, it will include it. We have, therefore, considered the testimony given upon the motion; but we find in it no sufficient reason for setting aside the verdict.
The only remaining question is, Did the court err in rendering judgment against the lessor of the plaintiff for the balance found against him by the jury?
There can be no doubt on this point. The judgment is clearly erroneous. The proceeding is wholly statutory, and no statute authorizes such a judgment. The judgment for costs was proper enough, but that is as far as the court, could go. As .to the balance found by the jury, the plaintiff must pay it before he can have a writ of possession. This is all the statute provides on the subject. The judgment, then, so far as this balance is concerned, must be reversed, and the other decisions of the common pleas are affirmed.